NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0755n.06

No. 12-4444

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 14, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HENRY STANLEY, JR., | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLLEEN F. ARNOLD; GEORGE S. BARRETT; | ) | |
| GLENN A. BRITT; CARRIE S. COX; CALVIN | ) | |
| DARDEN; BRUCE L. DOWNEY; JOHN F. FINN; | ) | ON APPEAL FROM THE UNITED |
| DAVID P. KING; RICHARD C. NOTEBAERT; | ) | STATES DISTRICT COURT FOR |
| DAVID W. RAISBECK; JEAN G. SPAULDING; | ) | THE SOUTHERN DISTRICT OF |
| DAVE BING; R. KERRY CLARK; GEORGE H. | ) | OHIO |
| CONRADES; PHILIP L. FRANCIS; JOHN F. | ) | |
| HAVENS; J. MICHAEL LOSH; JOHN B. MCCOY; | ) | |
| MICHAEL O'HALLERAN; MATTHEW D. | ) | |
| WALTER; ROBERT D. WALTER; CARDINAL | ) | |
| HEALTH, INC.; GREGORY KENNY, | ) | |
| | ) | |
|     Defendants-Appellees. | ) | |

Before: ROGERS and COOK, Circuit Judges; VAN TATENHOVE, District Judge[*]

PER CURIAM. Plaintiff-Appellant Henry Stanley, Jr., a shareholder of pharmaceutical distributor Cardinal Health, Inc. ("Cardinal"), appeals dismissal of his shareholder derivative suit against Cardinal and its current and former directors and officers. The district court dismissed his verified complaint for lack of standing under Federal Rule of Civil Procedure 23.1 due to his failure

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to "state with particularity" the reasons for failing to make a pre-suit demand of Cardinal's board of directors. The district court's opinion diligently and correctly sets out the undisputed facts and the governing law, and we AFFIRM.

Placing undue emphasis on one line in the district court's opinion, Stanley argues that the district court improperly applied an evidentiary burden, akin to the summary judgment standard, in evaluating his demand-futility argument. *Stanley v. Arnold*, No. 1:12-cv-482, 2012 WL 5269147, at *8 (S.D. Ohio Oct. 23, 2012) ("Conversely, . . . the complaint does not state what information was given to the Board [of Directors] about [Cardinal facilities'] non-compliance with the 2008 [settlement with the DEA] and there are no allegations of reports to the Board or any *evidence* of the Board's knowledge of any purported failure to comply with [the settlement]." (original emphasis replaced)). The surrounding context and the remainder of the district court's opinion prove otherwise. Because Stanley advanced a board-inaction theory to show demand futility, the court properly reviewed his complaint for particularized allegations giving rise to a reasonable doubt as to the disinterestedness of a majority of the directors. *See McCall v. Scott*, 239 F.3d 808, 816–17 (6th Cir. 2001) (applying the test set forth in *Rales v. Blasband*, 634 A.2d 927, 936 (Del. 1993)); *see also In re Ferro Corp. Deriv. Litig.*, 511 F.3d 611, 618 (6th Cir. 2008) ("[T]he plaintiff must point to facts which show that the presumed ability of the directors to make unbiased, independent business judgments about whether it would be in the corporation's best interests to file the action does not exist in this case." (internal quotation marks omitted)). "While the mere threat of personal liability is not sufficient, reasonable doubt as to the disinterestedness of a director is created when

the particularized allegations in the complaint present 'a substantial likelihood' of liability on the part of a director." *McCall*, 239 F.3d at 817. Applying this standard to Ohio law, the district court properly recognized that the complaint needed, at a minimum, particularized allegations plausibly demonstrating that a majority of the board acted "with reckless disregard for the best interests of the corporation." Ohio Rev. Code § 1701.59(E).

Stanley also argues that the district court failed to draw reasonable inferences from his complaint and misunderstood his theory that Cardinal's $34-million settlement with the DEA in 2008 constituted a "red flag" that should have alerted the directors of the company's drug-distribution problems and enabled them to prevent the DEA's renewed sanctions against the Lakeland, Florida facility in 2012 for its oxycodone distribution practices. Yet, the district court correctly noted that the complaint lacked allegations that the directors knew or had reason to know of continuing problems at the Lakeland facility prior to 2012. The district court's conclusion finds support in our decision in *McCall*, 239 F.3d at 820–24, which found allegations sufficient to establish demand-futility where the shareholder averred, *inter alia*, internal warning reports to the company's audit committee, a director's instruction to the company's hospitals to "achieve" an arbitrarily high growth figure, numerous articles detailing the company's suspicious billing practices, a *qui tam* suit, and the execution of search warrants at thirty-five company facilities only months after searches of the company's Texas offices. Without more, the 2008 settlement, atoning for Cardinal's hydrocodone distribution problems in four states, was too remote, and its relationship to the Lakeland facility's oxycodone distribution too tenuous, to support a reasonable inference that a

majority of the corporate directors—as opposed to employees—recklessly disregarded known risks concerning distribution practices. *See* Ver. Compl. Ex. C, Leonhart Decl. ¶ 18 (noting that "the drugs and the end customers" related to the 2007–2008 multi-facility sanctions and 2012 Lakeland sanctions "were different"); *id.* ¶¶ 30–33 (acknowledging Cardinal's national efforts to comply with the 2008 settlement, but concluding that "the information about the remedial efforts made by Cardinal nationally [were not] sufficient to address [her] concerns about Cardinal Lakeland's failure to maintain effective [distribution practices to prevent the diversion of controlled substances to unauthorized markets]" (emphasis removed)).

Finally, Stanley's reply brief adds a new argument, asking this court to take judicial notice of the Form 10-K Cardinal filed with the SEC in 2008. We GRANT this unopposed motion, *see* Fed. R. Evid. 201(b)(2); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996), but the portion of the form cited by Stanley does not salvage his complaint. It shows that directors signed the filing acknowledging Cardinal's negotiation efforts with the DEA, but neither demonstrates the directors' rejection of settlement terms nor identifies any reckless inaction. Cardinal Form 10-K at 48.

Because this court's issuance of a full opinion would be duplicative and would serve no jurisprudential purpose, we AFFIRM on the basis of the district court's well-reasoned opinion.